IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * * * * | |
| V. | * * | NO: 4:13CR00130-02  SWW |
| | * * | |
| YAN LaPERLE | * * | |

**ORDER**

Before the Court is Defendant Yan LaPerle's motion to suppress evidence (ECF No. 33), which the Court referred to United States Magistrate Judge H. David Young for recommended disposition.  Judge Young held an evidentiary hearing on the motion and submitted Proposed Findings and Recommended Disposition (ECF No. 39), recommending that the Court deny LaPerle's motion.  After carefully considering LaPerle's objections (ECF No. 41)  and making a *de novo* review of pertinent portions of the record, the Court finds that the Proposed Findings and Recommended Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.  Defendant LaPerle's motion to suppress is denied.

LaPerle was arrested on April 12, 2013, following a traffic stop by Texas Department of Public Safety Trooper Ben Dollar.   Trooper Dollar issued LaPerle a warning ticket, after which he requested and received LaPerle's consent to search the vehicle he was driving.  A subsequent search of the vehicle uncovered two aftermarket compartments and cocaine.

There is no dispute that the initial traffic stop was lawful.  However, LaPerle argues that after Dollar issued the warning ticket, and before LaPerle exited the patrol car, the encounter transformed into an unlawful detention which tainted LaPerle's apparent consent to search.

After a legal traffic stop, an officer may inquire about a driver's destination and purpose, check his license and registration, and direct him to step over to patrol car without transgressing the Fourth Amendment. *See U.S. v. Linkous,* 285 F.3d 716, 719-21 (8th Cir.2002).  Additionally, officers "may ask a person for consent to search or other types of cooperation without violating the Fourth Amendment as long as they do not induce cooperation by coercive means." *Luna* 368 F.3d 876, 879 (8th Cir. 2004)(citing *United States v. Martinez,* 358 F.3d 1005, 1009 (8th Cir.2004)).  The time it takes for an officer to determine whether consent will be given does not amount to an unlawful detention in the absence of coercive or otherwise unusual circumstances. *See United States v. Yang*, 345 F.3d 650, 654 (8th Cir. 2003).

The Court agrees with Judge Young's well-reasoned conclusion that the encounter that took place after Dollar issued LaPerle a warning ticket, but before LaPerle exited the patrol car, was consensual and did not amount to a Fourth Amendment seizure.  The Court further finds that even if Dollar's request for consent to search amounted to an illegal detention, the illegality was purged by LaPerle's voluntary consent to search.  *See Yang*, 345 F.3d at 654(citing *United States v. Kreisel*, 210 F.3d 868, 869 (8th Cir.), *cert. denied*, 531 U.S. 916 (2000) (consent purges illegal taint)).  Finally, the Court agrees with Judge Young's finding that Dollar had reasonable suspicion to justify his search of the vehicle.

IT IS THEREFORE ORDERED that Judge Young's Findings and Recommended Disposition (ECF No. 39) are adopted in their entirety.  Defendant Yan LaPerle's motion to

suppress evidence (ECF No. 33) is DENIED.

  IT IS SO ORDERED THIS 1ST DAY OF NOVEMBER, 2013.

            <u>/s/Susan Webber Wright</u>
            UNITED STATES DISTRICT JUDGE